IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

WALTER JEFFERSON                                                  PLAINTIFF

v.                                                           No. 2:07CV192-P-A

DESOTO COUNTY SHERIFF'S DEPARTMENT
SHERIFF JAMES A RILEY,
DEPUTY SHERIFF JOHN DOE                              DEFENDANTS

**ORDER OF DISMISSAL**

This matter comes before the court on the *pro se* plaintiff's complaint against the defendants for use of excessive force arising out of an incident occurring March 15, 2004. The instant case was filed on October 17, 2007. The court issued an order directing the plaintiff to show cause why the case should not be dismissed as untimely filed under Mississippi's three-year general statute of limitations. In response, the plaintiff argues that the three-year limitations period was equitably tolled during the pendency of state court litigation of this claim, which the plaintiff filed on March 15, 2006, in the Circuit Court of DeSoto County, Mississippi. Among the documents attached to the plaintiff's response is a state court order dismissing the same claim with prejudice for failure to file the state complaint within the state's *one year* limitations period under the Mississippi Tort Claims Act ("MTCA") because the claim was against the state.

*Res Judicata*

The plaintiff argues that the three-year limitations period should be tolled during the time he prosecuted these same claims in state court. The plaintiff's state court action was, however, dismissed *with prejudice*, a designation giving the dismissal preclusive effect – barring future litigation of the claims under the doctrines of *res judicata* and collateral estoppel. *Res judicata*

bars a claim if: (1) the parties are the same in both actions, (2) the prior judgment is rendered by a court of competent jurisdiction, (3) the prior judgment was final on the merits; and (4) the cases involve the same cause of action. *Travelers Ins. Co. v. St. Jude Hospital of Kenner*, 37 F.3d 193, 195 (5th Cir. 1994). Two cases involve the same cause of action if both cases arise out of the same nucleus of operative facts. *Id.* *Collateral estoppel*, or issue preclusion, on the other hand, precludes relitigation of issues actually adjudicated, and essential to the judgment, in prior litigation involving a party to the first case. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980). The doctrine of *res judicata* bars the plaintiff from relitigating any claims arising out of the March 15, 2004, incident and any suits arising out of those events as to any parties he actually sued regarding those events. Therefore, under the doctrine of claim preclusion, all of the plaintiff's claims against the defendants should be dismissed as frivolous. Further, under the doctrine of issue preclusion, the plaintiff's claims must be dismissed as frivolous, as a valid judgment has been entered against him in state court in Mississippi covering these precise issues. Therefore, under the doctrines of claim preclusion and issue preclusion, the plaintiff's claims against all defendants are hereby **DISMISSED.**

      **SO ORDERED,** this the 31st day of March, 2009.

    /s/ W. Allen Pepper, Jr.
    W. ALLEN PEPPER, JR.
    UNITED STATES DISTRICT JUDGE